**In the Matter of SERVICE TRANSPORTATION, INC., Bankrupt.**

**WORCESTER COUNTY NATIONAL BANK, Appellant,**

v.

**F. Joseph PARADISO, Trustee, Appellee.**

**No. 286, Docket 27328.**

United States Court of Appeals Second Circuit.

Argued March 30, 1962.

Decided April 19, 1962.

Harry L. Nair, Hartford, Conn. (Jonathan S. Cohen, Hartford, Conn., on the brief), for appellant.

Francis J. Paradiso, Stafford Springs, Conn., pro se, for appellee.

Before MEDINA, SMITH and HAYS, Circuit Judges.

PER CURIAM.

The referee held appellant's lien on a tractor truck invalid as to the trustee in bankruptcy because appellant's conditional sales contract had not been "acknowledged before some competent authority" as required by Conn.Gen.Stat. Rev. § 42–77 (1958) (Requirements for Conditional Sales Contracts). The ref-

706

eree's order was affirmed by the District Court.

■ The requirement of acknowledgment in § 42–77 was not repealed by the Uniform Motor Vehicle Certificate of Title and Anti-Theft Act, Conn.Gen.Stat. Rev. §§ 14–165 to 211 (1958).[1] Section 14–190 of that Act provides:

"*Method of perfecting interest exclusive.* The method provided in this chapter of perfecting and giving notice of security interests subject to this chapter is exclusive. Security interests subject to this chapter are hereby exempted from the provisions of law which otherwise require or relate to the filing of instruments creating or evidencing security interests."

The Uniform Act was prepared by the Commissioners on Uniform State Laws and was submitted to the various states with accompanying Notes. The Note to the "exclusivity" provision (§ 14–190) specifically instructs legislative draftsmen to:

"[i]nsert in the brackets appropriate phraseology to refer to technical requirements of other statutes relating not only to recording or filing of security interests but also to acknowledgments, affidavits of good faith, witnesses, etc."

The Connecticut enactment dispenses only with "requirements of other statutes" relating to "the *filing* of instruments" (emphasis supplied). The failure of the legislature to extend the exemption to the requirement of acknowledgment indicates an intent to continue that requirement.

There is no inconsistency between the statutes if the exclusive perfection procedure set forth in the Uniform Act is read to refer to the perfection of valid security interests, i. e. security interests *created* in accordance with the applicable law which includes the requirement of acknowledgment.

■■ Repeals by implication are not favored, see Georgia v. Pennsylvania R. R. Co., 324 U.S. 439, 456–57, 65 S.Ct. 716, 89 L.Ed. 1051 (1945).

Affirmed.

1. We find no instance in which a Connecticut court has passed on the question of statutory interpretation here presented. Two Referees in Bankruptcy in the District of Connecticut have decided that § 42–77 was not repealed as to conditional sales of motor vehicles by the Uniform Act. In re Robena Harrington, 34 Conn.B.J. 368 (1960); In re Floyd Edward Ramsdell, No. 29448, August 18, 1960, aff'd, Sept. 23, 1960, D.Conn. (Anderson, Ch. J.).